## MOSELEY *et al. vs.* JENKINS, guardian.

On January 1st, 1859, A. W. Moseley, as principal, and J. A. Moseley, as security, made their note, payable one day after date, to Jenkins, for $650.00. Jenkins died. In 1867 his administrator brought suit thereon in the county court. In 1868 county courts were abolished. The papers were lost and the case was never transferred to the superior court, nor was any effort made to establish copies of the papers. In 1869, on a bill filed for direction by the administrator, the note was transferred by decree to Reid, guardian, and in the same year the administrator was discharged. In 1875 the guardian made a compromise with the makers of the note, by which they paid part of the money in cash, and made a parol promise to pay the balance agreed upon. Refusing to do so, the successor of Reid brought suit:

*Held,* that the suit being virtually abandoned in 1868, the *statute of* limitations began to run, and more than six years having elapsed before the compromise, a parol promise was not sufficient to revive the claim.

Statute of limitations. Contracts. Before Judge SPEER. Putnam Superior Court. September Adjourned Term, 1879.

Reported in the decision.

W. B. WINGFIELD; W. F. JENKINS, for plaintiffs in error.

H. A. JENKINS; J. W. PRESTON; CALVIN GEORGE; JACKSON & LUMPKIN, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants to recover the sum of $550.00 which he claims to be due under an alleged compromise as set forth in his declaration. The defendants pleaded want of consideration, and the statute of limitations. On the trial of the case, the jury found a verdict in favor of the plaintiff. A

motion was made for a new trial on various grounds, which was overruled, and the defendants excepted.

It appears from the evidence in the record, that the defendants, A. W. Moseley as principal, and J. A. Moseley as security, executed their promissory note to F. S. Jenkins for $650.00, dated 1st of January, 1859, and due one day after date, that suit was brought on said note by Young, as administrator of F. S. Jenkins, deceased, in the county court of Putnam county, in the year 1867, or 1868—that in 1868 the county court was abolished and the record of this case in the county court was never transferred to the superior court, but was lost, and no effort was made to establish it—and nothing was done to prosecute the suit.  A bill was filed by Young, the administrator of Jenkins, for direction, etc., and a decree was had, in 1869, by which this note on the Moseleys, with others, was directed to be turned over to Reid as guardian, with authority to compromise and settle the same—to this bill the Moseleys were not parties.  Young was discharged as administrator in 1869.  In March, 1875, the alleged compromise of the $650.00 note was made with Reid.  The defendants paid $450.00 of the compromise money soon afterwards, but refusing to pay the balance due on the note by the compromise the present suit was brought, founded thereon, instead of on the note—and the controlling question in the case is, whether the plaintiff's right to recover the amount due on the note was not barred by the statute before the compromise in March, 1875, was made?  The statute of limitations commenced to run in favor of the defendants on the note on the 2d of January, 1859, and continued to run until 1860, when it was suspended until the 21st of July, 1868.  By the constitution of 1868 county courts were abolished, and the books, papers and proceedings, and the unfinished business thereof, were directed to be transferred to the superior court.  Whether the suit upon this note in the county court was *intended* to have been abandoned or not,

it was for all practical purposes abandoned. There was no effort or attempt to establish the papers in that suit (alleged to have been lost) in the superior court, from the 21st of July, 1868, up to the time of the alleged compromise in March, 1875, more than six years, and that being so, the plaintiff's right of action upon the note was barred both by the reason and spirit of the statute, if not by the letter thereof, before the compromise was made in March, 1875. The compromise was in relation to the money due on the note after the right of action was barred thereon by the laches of the holder thereof, and the *parol* promise made by the defendants at the time of the alleged compromise, did not take it out of the operation of the statute. Code, §2934. In view of the evidence contained in the record and the law applicable thereto, the court erred in overruling the defendants' motion for a new trial.

Let the judgment of the court below be reversed.